BURLIN B. MILLER, ET VIR, GEORGIA B. MILLER v. PARLOR FURNITURE OF HICKORY, INC.

No. 8525DC707

(Filed 4 March 1986)

1. **Bankruptcy § 4; Landlord and Tenant § 18— unexpired lease—bankruptcy petition—protection lost after petition dismissed**

   Provision of 11 U.S.C. § 365(e)(1) prohibiting the termination of an unexpired lease because of the tenant's filing of a bankruptcy petition no longer protects the tenant once the bankruptcy proceeding has been dismissed.

2. **Bankruptcy § 4; Landlord and Tenant § 18— bankruptcy termination clause of lease—enforcement after bankruptcy petition dismissed**

   Provisions in a lease authorizing the lessor to terminate the lease and take possession of the property in the event the tenant petitions to be declared bankrupt are valid under North Carolina law, and the bankruptcy termination clause could be enforced by the lessor after the tenant's petition in bankruptcy had been dismissed.

APPEAL by plaintiffs from *Vernon, Judge.* Judgment entered 6 May 1985 in District Court, CATAWBA County. Heard in the Court of Appeals 6 November 1985.

By the terms of a written lease agreement, plaintiffs leased to defendant two buildings located on Highway 70A in Catawba County. The lease agreement provided, *inter alia,* for the payment of monthly rental and contained the following provision:

## ARTICLE XII

TENANT'S DEFAULT

[I]f the Tenant shall petition to be or be declared bankrupt or insolvent according to law, . . . or if proceedings for reorganization or for composition with creditors be instituted by or against such Tenant, then . . . the Landlord may immediately or at any time thereafter and without further notice or demand, enter into and upon said premises or any part thereof and take absolute possession of the same . . . .

On 28 February 1985, plaintiffs filed a Complaint in Summary Ejectment alleging that defendant had breached the lease by failing to pay rent. On 8 March 1985, judgment in favor of plaintiffs was entered by a magistrate. Defendant gave notice of appeal to

the District Court. On 28 March 1985, plaintiffs filed an Amended Complaint in District Court abandoning their claim for nonpayment of rent and alleging that defendant had defaulted, under Article XII of the lease agreement, by filing a Petition in Bankruptcy in the United States Bankruptcy Court for the Western District of North Carolina. The amended complaint alleged that defendant's Petition in Bankruptcy had been filed in March 1983 under Chapter 11 and that it had been dismissed on 19 February 1985. Defendant moved, pursuant to G.S. 1-1A, Rule 12(b)(6), to dismiss the complaint for failure to state a claim. The trial court concluded that the provisions of 11 U.S.C. § 365(e)(1) prohibited plaintiffs from enforcing the bankruptcy termination clause in the lease and dismissed the action. Plaintiffs appeal.

*Sigmon, Clark and Mackie, by Warren A. Hutton, for plaintiff appellants.*

*Curt J. Vaught for defendant appellee.*

MARTIN, Judge.

[1]   11 U.S.C. § 365(e)(1) provides, in pertinent part:

Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on —

. . . .

(B) the commencement of a case under this title;

The statute prohibits the termination of a lease due solely to the inclusion therein of an *"ipso facto"* or bankruptcy termination clause conditioned on the commencement of a bankruptcy case by or against the tenant. The issue presented on this appeal, however, is whether the prohibition of § 365(e)(1) remains applicable where there has been a dismissal of the bankruptcy proceedings which give rise to the claim of default. In our view, a dismissal of the bankruptcy case divests the tenant of the protection afforded by the statute. Therefore, we reverse the order of the trial court.

In rendering *"ipso facto"* or bankruptcy termination clauses unenforceable pursuant to 11 U.S.C. § 365(e)(1), "Congress meant to foster the process by which a trustee or a Chapter 11 debtor in possession could assume a lease so that it could 'be utilized to assist in the debtor's rehabilitation or liquidation.'" (Citation omitted.) *In re National Shoes, Inc.*, 9 Bankr. Ct. Dec. (CRR) 11, 20 Bankr. (West) 55 (Bankr. S.D.N.Y. 1982). This purpose is apparent from other provisions of the statute giving the trustee of the debtor the right, upon court approval, to assume or reject unexpired leases, 11 U.S.C. § 365(a); and to assign such a lease notwithstanding a provision therein restricting assignments, 11 U.S.C. § 365(f). However, where the bankruptcy case is dismissed for failure of the debtor to comply with orders of the bankruptcy court, there no longer exists any reason to benefit the debtor or preserve the assets of the bankrupt estate by prohibiting enforcement of an otherwise valid bankruptcy termination clause. Such clauses "are not invalidated in toto, but are merely made inapplicable *during the case* for the purposes of dealing with the . . . unexpired lease." 9A Am. Jur. 2d *Bankruptcy* § 523, at 61 (citing H. R. Rep. No. 595, 95th Cong., 1st Sess. 349 (1977)) (emphasis added).

Plaintiffs allege, and the record indicates, that defendant's Chapter 11 proceeding was dismissed by the bankruptcy court. The effect of a dismissal is to "undo the title 11 case insofar as is practicable, and to restore all property rights to the position they occupied at the beginning of the case." 2 Collier on Bankruptcy ¶ 349.01, at 349-2 (15th ed. 1985) (citing H. R. Rep. No. 595, 95th Cong., 1st Sess. 338 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 48 (1978)). Thus, the dismissal of defendant's bankruptcy proceeding without any adjudication returned the parties to the same status which they had before the commencement of the case and the protection from the bankruptcy termination clause, afforded defendant under 11 U.S.C. § 365(e)(1), was lost. Accordingly, we hold that the provisions of 11 U.S.C. § 365(e)(1) do not prevent plaintiffs from maintaining the present action.

[2] A complaint should not be dismissed pursuant to G.S. 1-1A, Rule 12(b)(6) unless, as a matter of law, plaintiff is not entitled to relief "under any state of facts which could be provided in support of the claim." *Sutton v. Duke*, 277 N.C. 94, 103, 176 S.E. 2d 161, 166 (1970). Under North Carolina law, provisions in a lease

authorizing the lessor to terminate the lease and take possession of the property in the event of the lessee's bankruptcy are valid and enforceable. *Carson v. Imperial '400' National, Inc.*, 267 N.C. 229, 147 S.E. 2d 898 (1966). Plaintiffs' complaint alleges the existence of such a clause in their lease of the subject property to defendant, and further alleges facts which, if true, would amount to a default thereunder by defendant. These allegations are sufficient to state a claim for relief. For the foregoing reasons, we reverse the order dismissing plaintiffs' complaint and remand this case to the District Court of Catawba County in order that the defendant may file answer and the case may proceed to a resolution on its merits.

Reversed and remanded.

Judges ARNOLD and COZORT concur.